**Ruth SCHWARTZBERG, Appellant,**

v.

**James F. BERANC, Appellee.**

**No. 7944.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1960.

Decided Jan. 18, 1960.

A. Arthur Rosenblum, Charleston, S. C. (Jacobson, Rosenblum & Spar, and I. H. Jacobson, Charleston, S. C., on brief), for appellant.

Walter B. Wilbur, Charleston, S. C. (J. Preston Warren, Charleston, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and DALTON, District Judge.

DALTON, District Judge.

On March 6, 1957, Ruth Schwartzberg and Max Schwartzberg, her husband, signed and sealed a release forever discharging James F. Beranc "from all claims * * * on account of damage to property, bodily injuries * * * resulting, or to result, from an accident to us and our 1953 Buick 4 Door car which occurred on or about the 22nd day of February, 1957," by reason of a collision, the release continuing in general terms, and concluding with "It is Understood and Agreed that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected."

Mrs. Schwartzberg now contends that she executed the release under a mistake

of fact. She says by affidavit: That she had a sprained back prior to the collision; that she thought the slight pain she had after the collision was a continuation of this condition; that she did not believe she was hurt in the collision; and that a serious personal injury (herniated disc) resulted from the accident which injury was not discovered until some thirty days after the release was signed. She sought unsuccessfully to reopen the matter in the District Court for the Eastern District of South Carolina, and is now here on appeal.

The District Court disposed of the case by granting defendant's motion for a summary judgment, and it is from this summary method by which the release was upheld that Mrs. Schwartzberg appeals.

█ The release contract having been made in Florida, we look to the law of that state in determining whether the release should be avoided. The case of Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335, is certainly persuasive for the avoidance of the release in the case at bar, but the more recent case of De Witt v. Miami Transit Co., Fla.1957, 95 So.2d 898, 899, portrays to us a somewhat different approach in the consideration of suits seeking to set aside releases in personal injury cases.

In the Boole case, a man who had a pre-existing heart ailment suffered a chest injury which, at the time, appeared to his doctor as a minor contusion or abrasion of the chest. Nine days later Boole signed a typical release for $15.00, the amount of medical expenses incurred to date, and sixteen days later Boole died as a result of an aggravation of his heart condition, which aggravation was produced by the injury. By a 4 to 3 decision, the court held there was sufficient evidence of a mutual mistake of fact to justify submission of the matter to the jury.

In the De Witt case, the claimant was injured on December 3, 1951, and, after consulting her personal physician who, after examination, advised her that, in his opinion, nothing serious had resulted, signed a release six days later for $50.00. On March 21, 1952, plaintiff consulted an orthopedic specialist who found that Mrs. De Witt had "incurred muscular and ligamentous strains with perhaps some minor tearing in her lower back". Another check for $175.00 was sent by the adjuster but was destroyed before being cashed, and then on July 11, 1952, the adjuster paid $250.00 and obtained a general release. In the Spring of 1953, Mrs. De Witt was advised that a hip operation was indicated, it being then the view of the doctor that a congenital hip condition had probably been aggravated by the accident. In August 1953, a further physical examination revealed the existence of a herniated disc. Mrs. De Witt then instituted suit urging that the release had been executed under a mistake of fact, the mistake being that they thought Mrs. De Witt had suffered minor injuries when her injuries were severe.

In upholding the De Witt release, the court points out that in the Boole case there was a mistake as to the injury itself—the parties thought there was only a minor chest contusion, whereas there was heart damage:

"In the case before us [the De Witt case] there was no mistake as to the injury itself. The mistake, if any, here was as to the ultimate consequences of the injury. The opinion of the orthopedist is clear that there was no evidence of a herniated disc at the outset. Although the doctor may have suspected something of this nature, he 'was not convinced' of it, according to his affidavit, until August, 1953, a full thirteen months after the release was executed. Here Mrs. De Witt and her doctors were fully informed by x-rays and otherwise that she had suffered an injury to the lower back. They merely failed to evaluate accurately at the time of the examination the ultimate product of the injury she had received.

"While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside. If the rule were otherwise no release could be safely accepted in personal injury matters. The end result would be that all such claims would be forced into litigation. Such a conclusion would be directly contrary to the policy of the law favoring amicable settlement of disputes and the avoidance of litigation." De Witt v. Miami Transit Co., Fla., 95 So.2d 898, 901.

By the foregoing Boole and De Witt cases, there is outlined the Florida law which we are to follow.

■ The problem is whether, on the present state of the record, defendant's motion for summary judgment should have been granted. We do not believe that the facts are sufficiently developed to justify the conclusion that there is no genuinely disputed issue of fact and, hence, defendant's motion for summary judgment should not have been granted. The question can better be determined after medical testimony developing plaintiff's medical history and the true present condition of her back.

Whether or not this case will be found to be governed by the Boole case or the De Witt case can then be better answered. The court is not required to speculate about possible permissible inferences to be drawn from the present record.

In the light of the foregoing, we think that the judgment should be vacated and the case remanded so that the parties may have an opportunity to develop the facts more fully before the issue of law is met.

Judgment vacated and case remanded.